IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALLEN RUFFIN,                    )
                                 )
Petitioner,                      )
                                 )
vs.                              )  CAUSE NO. 3:16-CV-203
                                 )
SUPERINTENDENT,                  )
                                 )
Respondent.                      )

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Allen Ruffin on April 4, 2016. For the reasons set forth below the petition is **DENIED**.

BACKGROUND

Ruffin was found guilty by the Disciplinary Hearing Body (DHB) at the Miami Correctional Facility of possessing a controlled substance in violation of B-202 on December 16, 2015. As a result of that hearing (MCF 15-11-309), he was deprived of 90 days earned credit time and demoted to Credit Class 3. In his petition, he raises three challenges to the finding of guilt.

DISCUSSION

First, Ruffin argues that he was denied due process because the officer who provided him with the screening report had

previously found him guilty in another case. As a threshold matter, while Ruffin complains that the officer who issued his screening order was biased, he does not provide any evidence to substantiate such a claim. Regardless, there was nothing improper about this scenario.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, *Gaither*, 236 F.3d at 820, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, *see Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie*, 342 F.3d at 666-67; *Pannell*, 306 F.3d at 502.

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Just because an officer who provided Ruffin with the screening report had found him guilty in an unrelated case does not demonstrate that the hearing officer was biased in this case. *Id*. As a result, this claim cannot provide habeas relief.

Second, Ruffin argues that the substance was never field tested, so there was no evidence that it was a controlled substance. Third, Ruffin argues that he did not possess the substance because it was found in the door track to his cell, which is accessible to others. Essentially, both of these arguments

2

challenge the sufficiency of the evidence. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted). Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the hearing officer relied on Officer Harvey's Conduct Report which stated:

> On Friday, November 13, 2015, at approximately 8:15 PM, I Officer N. Harvey was conducting a range check on the 300 range in A Housing Unit, when I smelled the odor of something burning in the vicinity of cell 331/332. Upon approaching the cell, approximately 10 offenders dispersed from the area. While conducting a cell search of cell 331/332, I found a green leaf like substance in a folded piece of paper in the bottom door track. Upon questioning offender Ruffin, Allen DOC# 149876, assigned to cell A332, Stated, "my bunkie didn't have shit to do with it, so I guess its mine if you gotta write someone up." Offender Ruffin was identified by his state identification card.

3

(DE 1-1 at 2.) To satisfy due process, there need only be "some evidence" in the record to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citations and quotation marks omitted).

Here, it was not unreasonable for the hearing officer to have found that Ruffin possessed the substance. Officer Harvey's eye witness report that he found a green leafy substance hidden in the door track to Ruffin's cell that Ruffin admitted was his is sufficient. Though Ruffin contends he never admitted that the substance was his, such an argument is misplaced here. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) ("Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."). Accordingly, the "some evidence" standard has been met here.

So too, it was not unreasonable for the hearing officer to have found that the green leafy substance which Ruffin was attempting to hide was a controlled or unauthorized substance. This is true even without a field test being conducted. A substance which looks like an illegal drug is unlawful, too. Ind. Code § 35-48-4-11.5(b). Class B offense 202, which he was charged with,

concerns possession or use of any unauthorized substance. There is more than sufficient evidence of Ruffin's guilt in this case.

CONCLUSION

For the reasons set forth above, the petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

**DATED: April 19, 2016**           /s/RUDY LOZANO, Judge
                                    **United State District Court**